UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| JAMES A. FISHER, as special personal representative of the Estates of John W. Fisher and Janice B. Fisher, | )<br>)<br>)<br>) |
| Plaintiff, | ) No. 1:08-cv-00908-LJM-MJD |
| vs. | ) |
| UNITED STATES OF AMERICA, | ) |
| Defendant. | ) |

## ORDER ON UNITED STATES' MOTION IN LIMINE

Pending before the Court is the United States' Motion *in Limine* [Dkt. No. 101] requesting exclusion of testimony "regarding the valuation methodologies and evidence that were used by the Internal Revenue Service in issue in this case, specifically . . . evidence of the specific percentage discounts for minority interest and lack of marketability that were used[.]" Dkt. No. 101 at 1. The Court has considered the parties' arguments and **GRANTS** the Motion.

## I. BACKGROUND

Plaintiff James A. Fisher ("Plaintiff") represents the Estates of John W. Fisher and Janice B. Fisher ("Fishers"), the original plaintiffs in this action, now deceased. Plaintiff seeks a refund of gift taxes paid by the Fishers in connection with a series of transfers of their interests in Good Harbor Partners, LLC ("Good Harbor"). Dkt. No. 101 at 1. On August 17, 2000, the Fisher established Good Harbor and transferred approximately twenty-seven acres of real property adjoining Lake Michigan in Laughlin County, Michigan

to Good Harbor. *Id.* at 2. The Fishers were the only members of Good Harbor upon its establishment. *Id.*

The Fishers engaged in three transactions—on October 4, 2000; January 1, 2001; and January 1, 2002—each transferring a 4.762% interest in Good Harbor to each of their seven children. *Id.* For each transaction, the Fishers filed gift tax returns and paid the amounts shown as due on the returns. *Id.* The returns reported the values of the gifts computed by applying minority interest discounts of twenty percent and lack of marketability discounts of either forty or forty-five percent to the net asset value of Good Harbor. *Id.*

Upon examination of the Fishers' gift tax returns, the Internal Revenue Service ("IRS") determined that the values of the gifts were higher than reported. *Id.* at 2–3. In arriving at the new values, the IRS used smaller minority interest and lack of marketability discounts, as well as larger net asset values. *Id.* On February 13, 2006, the IRS assessed additional gift tax against the Fishers for the years 2000, 2001, and 2002, totaling $625,986.00. *Id.* The Fishers paid the additional assessments and, on June 21, 2007, filed administrative claims for refund, which were denied. *Id.* On July 8, 2008, the Fishers filed suit in this Court requesting a refund. Dkt. No. 1. Following the Fishers' deaths, Plaintiff was substituted as a representative of their estates. *See* dkt. nos. 49, 99.

The present Motion *in Limine* seeks to preclude Plaintiff from introducing evidence of the minority interest and lack of marketability discounts used by the IRS in arriving at the February 13, 2006 assessments. *See generally* dkt. no. 101. The United States contends that because this case involves a *de novo* review of the fair market value of the property at issue, the calculations of the IRS at the administrative stage are irrelevant. *Id.* at 4. Plaintiff contends that evidence should be allowed in rebuttal if Mark Mitchell, CPA

("Mitchell"), the United States' expert, testifies that the minority discount should be seven percent rather than the nineteen percent purportedly used by the IRS in the February 13, 2006 assessment. Dkt. No. 105 at 3.

The Court includes additional facts below as needed.

## II. DISCUSSION

Relevant evidence includes "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." FED. R. EVID. 401. Although relevant evidence is generally admissible, FED. R. EVID. 402, it may be excluded "if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury[.]" FED. R. EVID. 403. Admissibility is a question for the Court to determine. FED. R. EVID. 104(a).

In tax refund claims, it is well settled that "the taxpayer bears the burden of proving the amount he is entitled to recover. It is not enough for him to demonstrate that the assessment of the tax for which refund is sought was erroneous in some respects." *United States v. Janis*, 428 U.S. 433, 440 (1976). "In general, courts will not look behind an assessment to evaluate the procedure and evidence used in making the assessment." *Ruth v. United States*, 823 F.2d 1091, 1094 (7th Cir. 1987) (citing *Raheja v. Commissioner*, 725 F.2d 64, 66 (7th Cir. 1984)). Additionally, the Internal Revenue Service is not required to use the same methodology in subsequent refund proceedings as was used in the initial assessment determination. *See Zuhone v. Commissioner*, 883 F.2d 1317, 1326 (7th Cir. 1989) (internal citations omitted) ("If the assessment is right on any theory it must be

3

sustained.").

In this case, introduction of evidence of the minority interest discount used by the IRS in the February 13, 2006 assessment is irrelevant. The issue is what the correct minority interest discount is, not what it was previously determined to be. *Accord. Janis*, 428 U.S. at 440; *see also R.E. Dietz Corp. v. United States*, 939 F.2d 1, 4 (2d Cir. 1991) ("The factual and legal analysis employed by the Commissioner is of no consequence to the district court."). The previously used minority interest discount has no baring on fact-finder's *de novo* determination of the property's fair market value. Because evidence of the previously used minority interest discount is irrelevant, it must be excluded. *Accord.* FED. R. EVID. 402.

### III.  CONCLUSION

For the foregoing reasons, the United States' Motion *in Limine* [Dkt. No. 101] is **GRANTED**. Plaintiff will be precluded from using evidence of the methodology used by the IRS in calculating the February 13, 2006 assessment.

IT IS SO ORDERED this 19th day of April 2011.

_____
LARRY J. McKINNEY, JUDGE
United States District Court
Southern District of Indiana

Distribution attached.

4

Distribution to:

Lester H. Cohen
DEFUR VORAN LLP
lhcohen@charter.net

Troy Duane Farmer
DEFUR VORAN LLP - Fishers
tfarmer@defur.com

Jeffrey L. Hunter
UNITED STATES ATTORNEY'S OFFICE
jeff.hunter@usdoj.gov

Scott E. Shockley
DEFUR VORAN LLP
sshockley@defur.com

Douglas William Snoeyenbos
DEPARTMENT OF JUSTICE, TAX DIVISION
douglas.w.snoeyenbos@usdoj.gov